REES F. MORGAN (State Bar No. 229899)
THOMAS A. HARVEY (State Bar No. 235342)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-rfm@cpdb.com
         ef-tah@cpdb.com

Michael J. Berchou (NY #2599926)
(*pro hac vice* forthcoming)
HARTER SECREST & EMERY LLP
50 Fountain Plaza, Suite 1000
Buffalo, NY 14202
Telephone: 716.844.3753
Facsimile: 716.853.1617
Email:   mberchou@hselaw.com

Attorneys for Plaintiff
LOGICAL IMAGES, INC., dba VISUALDX

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOGICAL IMAGES, INC., dba VISUALDX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDRE ESTEVA and SENTRYAI, INC.,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Logical Images, Inc. d/b/a VisualDx ("VisualDx") complains and alleges as follows against Defendants Andre Esteva ("Esteva") and SentryAI, Inc. ("SentryAI") (collectively "Defendants"):

**THE NATURE OF THE ACTION**

1. This is an action arising out of recent unlawful and tortious actions taken by Defendants against VisualDx, including unlawfully accessing and taking control of confidential and proprietary information from VisualDx's computer systems in violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et seq.*).

**THE PARTIES**

2. VisualDx is a New York corporation with its principal place of business at 339 East Ave., Suite 410, Rochester, New York 14604.

3. Upon information and belief, defendant Esteva is an individual domiciled in California and currently pursuing a doctorate degree at Standard University, with an office address of Gates Computer Science Building, Rm. 116, 353 Serra Mall, Stanford, California 94305.

4. Upon information and belief, defendant SentryAI is a Delaware corporation with a principal place of business at 3341 Park Blvd., Palo Alto, California 94306.

5. Upon information and belief, defendant Esteva is the Chief Executive Officer of SentryAI.

6. Upon information and belief, SentryAI is in the business of deep-learning algorithms to automatically track and diagnose skin cancers from images of patients.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 1332 (diversity of citizenship), and 18 U.S.C. § 1030 *et seq*. (Computer Fraud and Abuse Act), and 28 U.S.C. § 1367 (supplemental jurisdiction).

8. Personal jurisdiction over the Defendants is proper in that Esteva is an individual residing in California and SentryAI does business in this jurisdiction, including through an office located in Palo Alto.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Esteva is an individual residing in this District, SentryAI is headquartered in this District, and a substantial part of the events giving rise to the claims set forth herein have arisen in this District.

**FACTS**

10. VisualDx maintains a software database of dermatological images and diagnostic write-ups.

11. VisualDx licenses the database and associated software to users to view the images and write-ups pursuant to a licensing agreement ("VisualDx License").

///

12. The VisualDx License grants users a limited, non-exclusive, non-transferable license to access and use the software for the user's own internal use. The VisualDx License is specific to the individual user and non-transferable. Licensed users are prohibited from using, licensing, copying, modifying, selling or transferring the software or any copies thereof, or any accompanying documentation, except as expressly provided in the license. Licensed users are also prohibited from reverse engineering, decompiling or dissembling the software. Photographs and text provided by VisualDx to licensed users may not be copied, reproduced, distributed, sold, or put to any other commercial or public use.

13. On April 10, 2013, Stanford University Associate Professor Jean Y. Tang obtained a personal license to use the VisualDx software.

14. On January 13, 2015, defendant Esteva submitted a form through a VisualDx website which stated as follows:

(a) "I would like to download all skin cancer images as well as benign marks such as lesions or cysts."

(b) "I am developing an artificial intelligence system for automated image classification of cancer. The idea being that, since cancer is largely visually screened, we can use computer vision techniques to train algorithms to recognize skin marks as cancerous or benign. In order to do this we need as many labeled images as we can get, both of cancerous marks and non-cancerous marks."

(c) "The audience would be largely clinicians, but possible the general public. We hope to put this into a system for general early-stage cancer screening."

(d) "We'll need the images for at least the next 12 months."

15. VisualDx did not respond to defendant Esteva's January 13, 2015 submission.

16. On or about July 3, 2015, VisualDx was attacked by a remote user through an internet address assigned to Stanford University.

17. VisualDx did not learn of the attack until on or about August 13, 2015.

18. Upon further investigation, VisualDx learned that the attack originated from Stanford University and was initiated by defendant Esteva.

19. Upon information and belief, Esteva was and still is a Stanford University doctoral candidate, and the attack was undertaken in furtherance of his graduate studies and/or research being conducted under the study and supervision of Associate Professor Jean Y. Tang.

20. Upon information and belief, defendant Esteva used the user ecommerce account belonging to Associate Professor Jean Y. Tan to (a) gain access to the VisualDx system, (b) run a series of tests, (c) build a list of available images and diagnoses, (d) download diagnosis write-ups, and (e) copy and download high resolution copies of VisualDx's images.

21. Upon information and belief, defendant Esteva used Python, a scripting computer programming language, to run the attack.

22. Upon information and belief, Esteva coordinated the attack through a browser on a Linux workstation.

23. The attack initiated by defendant Esteva culminated in the misappropriation and copying of at least 25,123 images and 2,702 diagnosis write-ups from the computer systems of VisualDx.

24. At the time of the theft, Stanford University did not have an institutional license to use VisualDx.

25. Upon information and belief, defendant Esteva used the images and diagnostic write-ups for the benefit of the company he founded and operates, SentryAI.

26. Upon information and belief, Defendants used VisualDx's images and diagnostic write-ups in connection with the development of software to diagnose skin cancer from a single picture and/or other diagnostic software and tools.

**FIRST CLAIM FOR RELIEF**
**(Computer Fraud and Abuse Act)**
**(18 U.S.C. § 1030)**

27. VisualDx hereby incorporates by reference and realleges each of the allegations contained in the preceding paragraphs as if set forth in full in this claim for relief.

28. VisualDx's relevant computer systems are "protected computers" as defined in 18 U.S.C. § 1030(e)(2)(B), in that these computer systems are used in interstate or foreign commerce or communication.

**1**  29.  VisualDx maintains certain proprietary information, images and data on these

**2** protected computers within, inter alia, the VisualDx software, ownership of which VisualDx

**3** retains, and external access and use of which is limited to certain authorized users.

**4**  30.  Defendant Esteva intentionally accessed VisualDx's protected computers without

**5** authorization, and/or has exceeded authorized access, as defined in 18 U.S.C. § 1030(e)(6), by

**6** obtaining, using and downloading information he was not entitled to access.

**7**  31.  Defendants' conduct caused damage to VisualDx in violation of 18 U.S.C.

**8** §§ 1030(a)(2)(C) and/or 1030(a)(5)(C).

**9**  31.  As a direct and proximate result of Defendants' unlawful access, VisualDx has

**10** suffered monetary damage in excess of $5,000, including, without limitation, time valued in

**11** excess of this amount spent investigating and responding to the unlawful access, in addition to

**12** other damages and economic loss resulting from the unlawful access.

**13**  32.  As a direct and proximate result of Defendants' conduct, VisualDx is also entitled

**14** to recover compensatory damages from Defendants for any and all gains, profits, advantages and

**15** unjust enrichment obtained as a result of their wrongful acts as alleged herein, in an amount to be

**16** determined at trial.

**17**  33.  Upon information and belief, Defendants' acts in violation of 18 U.S.C. § 1030

**18** were willful and conducted maliciously, oppressively, fraudulently and/or without regard to

**19** VisualDx's rights.  Accordingly, Defendants are liable for punitive damages in an amount to be

**20** established at trial.

**SECOND CLAIM FOR RELIEF**
**(California Computer Data Access and Fraud Act)**
**(Cal. Penal Code § 502)**

**23**  34.  VisualDx hereby incorporates by reference and realleges each of the allegations

**24** contained in the preceding paragraphs as if set forth in full in this claim for relief.

**25**  35.  Defendants knowingly accessed and without permission took, copied and made use

**26** of data from VisualDx's computers in violation of California Penal Code § 502(c)(2).

**27**  36.  VisualDx suffered and continues to suffer damage as a result of the violations of

**28** California Penal Code § 502 identified above.

10543.004 3749246v1

5

**COMPLAINT AND DEMAND FOR JURY TRIAL**

37. Defendants willfully violated California Penal Code § 502 in disregard and derogation of VisualDx's rights, and said actions as alleged above were carried out with oppression, fraud and malice.

38. As a direct and proximate result of the aforementioned misconduct, VisualDx has suffered and continues to suffer substantial money damages in an amount to be proven at trial.

39. Pursuant to California Penal Code § 502, VisualDx is entitled to compensatory damages, punitive or treble damages, attorneys' fees, costs and other equitable relief.

### THIRD CLAIM FOR RELIEF
### (Trespass to Chattels)

40. VisualDx hereby incorporates by reference and realleges each of the allegations contained in the preceding paragraphs as if set forth in full in this claim for relief.

41. VisualDx possessed and had a right to possess a software database of dermatological images and diagnostic write-ups.

42. Through their wrongful activity, Defendants intentionally interfered with VisualDx's use or possession of the software database.

43. VisualDx did not consent, VisualDx was harmed, and Defendants' conduct was a substantial factor in causing VisualDx's harm.

### FOURTH CLAIM FOR RELIEF
### (California Unlawful Business Practices Act)
### (Cal. Bus. & Prof. Code § 17200)

44. VisualDx hereby incorporates by reference and realleges each of the allegations contained in the preceding paragraphs as if set forth in full in this claim for relief.

45. Defendants have engaged in a pattern of behavior and/or a course of conduct of unlawful and unfair and/or fraudulent business practices against VisualDx within the meaning of California Business and Professions Code § 17200 *et seq*.

46. Defendant Esteva violated the law and unfairly and wrongfully accessed and misappropriated VisualDx's confidential and proprietary information, using the same to develop, advance, and promote SentryAI. This activity constitutes unfair, unlawful and fraudulent business

///

1  practices against VisualDx within the meaning of California Business and Professions Code

2  § 17200 *et seq.*

3      47.   As a result of Defendants' unlawful and unfair business practices, VisualDx has

4  suffered, and continues to suffer, substantial money damages in an amount to be proven at trial,

5  and is entitled to and hereby requests restitution of all income, profits, and other benefits derived

6  from said unlawful, unfair and/or fraudulent business practice or practices.

## PRAYER FOR RELIEF

Plaintiff prays that this Court grant it the following relief:

1. Judgment in favor of Plaintiff and against Defendants as to all causes of action complained in Plaintiff's Complaint;

2. An award of compensatory and punitive damages;

3. Preliminary and permanent injunctive relief prohibiting Defendants from continuing to use VisualDx's images and write-ups; from using, selling or offering for sale any software, app, database, deep-learning tool or other product developed or created in whole or in part with the use of any VisualDx images and/or write-ups; and from otherwise benefiting from Defendants' unlawful actions alleged herein;

4. An award of such other and further relief as to the Court may deem necessary, just and proper, together with the costs and disbursements of this action and an award of attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, VisualDx hereby demands a trial by jury on all issues raised by the Complaint.

DATED: July 3, 2017                COBLENTZ PATCH DUFFY & BASS LLP

By: */s/ Rees F. Morgan*
Rees F. Morgan
Attorneys for Plaintiff
LOGICAL IMAGES, INC., dba VISUALDX

10543.004 3749246v1

7

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 • Fax 415.989.1663