REES F. MORGAN (State Bar No. 229899)
THOMAS A. HARVEY (State Bar No. 235342)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-rfm@cpdb.com
         ef-tah@cpdb.com

Michael J. Berchou (NY #2599926)
(admitted *pro hac vice*)
HARTER SECREST & EMERY LLP
50 Fountain Plaza, Suite 1000
Buffalo, NY 14202
Telephone: 716.844.3753
Facsimile: 716.853.1617
Email:   mberchou@hselaw.com

Attorneys for Plaintiff
LOGICAL IMAGES, INC., dba VISUALDX

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| LOGICAL IMAGES, INC., dba VISUALDX, | Case No. 5:17-cv-03800-EJD |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| ANDRE ESTEVA, SENTRYAI, INC. and BRETT KUPREL, | |
| Defendants. | |

Plaintiff Logical Images, Inc. d/b/a VisualDx ("VisualDx") complains and alleges as follows against Defendants Andre Esteva ("Esteva"), SentryAI, Inc. ("SentryAI") and Brett Kuprel ("Kuprel") (collectively "Defendants"):

///

///

1

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

## THE NATURE OF THE ACTION

1. This is an action arising out of unlawful and tortious actions taken by Defendants against VisualDx, including unlawfully accessing and taking control of confidential and proprietary images and information from VisualDx's computer systems in violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et seq.*); the California Computer Data Access and Fraud Act (Cal. Penal Code § 502); the California Unlawful Business Practices Act (Cal. Bus. & Prof. Code § 17200). The acts also constitute trespass to chattels.

## THE PARTIES

2. VisualDx is a New York corporation with its principal place of business at 339 East Ave., Suite 410, Rochester, New York 14604.

3. Upon information and belief, defendant Esteva is an individual domiciled in California and currently pursuing a doctorate degree at Stanford University, with an office address of Gates Computer Science Building, Rm. 116, 353 Serra Mall, Stanford, California.

4. Upon information and belief, defendant Kuprel is an individual domiciled in California and currently pursuing a doctorate degree at Stanford University, with an office address of Gates Computer Science Building, Rm. 116, 353 Serra Mall, Stanford, California.

5. Upon information and belief, defendant SentryAI is a Delaware corporation with a registered office at 3341 Park Blvd., Palo Alto, California 94306.

6. Upon information and belief, defendant Esteva is the Chief Executive Officer of SentryAI.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 1332 (diversity of citizenship), and 18 U.S.C. § 1030 *et seq*. (Computer Fraud and Abuse Act), and 28 U.S.C. § 1367 (supplemental jurisdiction).

8. Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.

9. Esteva and Kuprel are individuals residing in this District.

10. SentryAI is headquartered in this District.

1  11. A substantial part of the events giving rise to the claims set forth herein have arisen in this District.

2  12. This Court has personal jurisdiction over the Defendants.

3  13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**FACTS**

14. VisualDx owns and maintains a software database of dermatological images and diagnostic write-ups.

15. VisualDx licenses the database and associated software to users to view the images and write-ups pursuant to a licensing agreement ("VisualDx License").

16. The VisualDx License grants users a limited, non-exclusive, non-transferable license to access and use the software for the user's own internal use. The VisualDx License is specific to the individual user and non-transferable. Licensed users are prohibited from using, licensing, copying, modifying, selling or transferring the software or any copies thereof, or any accompanying documentation, except as expressly provided in the license. Specifically, licensed users are also prohibited from reverse engineering, decompiling or dissembling the software; and from copying, reproducing, distributing, selling, or putting to any other commercial or public use any photographs or text provided by VisualDx.

17. In addition to granting VisualDx Licenses, VisualDx licenses individual images for uses and purposes not permitted under the VisualDx License, including commercial uses, at a per image rate.

18. On April 10, 2013, Stanford University Associate Professor Jean Y. Tang obtained a personal license to use the VisualDx software.

19. On January 13, 2015, defendant Esteva submitted a form through a VisualDx website which stated as follows:

(a) "I would like to download all skin cancer images as well as benign marks such as lesions or cysts."

(b) "I am developing an artificial intelligence system for automated image classification of cancer. The idea being that, since cancer is largely visually screened, we can use

1  computer vision techniques to train algorithms to recognize skin marks as cancerous or benign.  In
2  order to do this we need as many labeled images as we can get, both of cancerous marks and non-
3  cancerous marks."

4          (c)    "The audience would be largely clinicians, but possible the general public.
5  We hope to put this into a system for general early-stage cancer screening."

6          (d)    "We'll need the images for at least the next 12 months."

7     20.    VisualDx did not respond to defendant Esteva's January 13, 2015 submission.

8     21.    VisualDx never agreed to permit Esteva to download any images of skin cancer or
9  benign marks.

10     22.    VisualDx never agreed to permit Esteva to use VisualDx images to train algorithms
11  to recognize skin marks as cancerous or benign.

12     23.    On or about July 3, 2015, VisualDx was attacked by a remote user through an
13  internet address assigned to Stanford University.

14     24.    VisualDx did not learn of the July 3, 2015 attack until on or about August 13, 2015.

15     25.    Upon further investigation, VisualDx learned that the attack originated from
16  Stanford University.

17     26.    Upon information and belief, defendants Esteva and Kuprel used the user
18  ecommerce account belonging to Associate Professor Jean Y. Tang to gain access to the VisualDx
19  system and perpetrate the attack through the VisualDx website.

20     27.    VisualDx never authorized Esteva or Kuprel to access the VisualDx system.

21     28.    Upon information and belief, upon accessing the VisualDx system, defendants
22  Esteva and Kuprel ran a series of tests and built a list of available images and diagnoses.

23     29.    VisualDx never authorized Esteva or Kuprel to run tests on the VisualDx system.

24     30.    Upon information and belief, defendants Esteva and Kuprel downloaded diagnosis
25  write-ups from the VisualDx system.

26     31.    VisualDx never authorized Esteva or Kuprel to downloaded diagnosis write-ups
27  from the VisualDx system.

28     32.    Upon information and belief, defendants Esteva and Kuprel copied and

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 • Fax 415.989.1663

4
**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1  downloaded high resolution copies of VisualDx's images.

2  33.     VisualDx never authorized Esteva or Kuprel to copy any VisualDx images.

3  34.     VisualDx never authorized Esteva or Kuprel to download any VisualDx images.

4  35.     Upon information and belief, defendants Esteva and Kuprel used the computer
5  scripting language Python in order to automate the process of downloading and saving high
6  resolution copies of VisualDx's images to Defendants' computer(s).

7  36.     The attack initiated by defendants Esteva and Kuprel culminated in the
8  misappropriation and copying of at least 25,123 images and 2,702 diagnosis write-ups from the
9  computer systems of VisualDx.

10  37.     In 2015, Associate Professor Jean Y. Tang and Stanford University advised
11  VisualDx and led VisualDx to believe that defendant Esteva had accessed the VisualDx system
12  and downloaded the VisualDx images.

13  38.     VisualDx was not advised until 2018 of Esteva's contention that another member
14  of defendant Esteva's Stanford project team, defendant Kuprel, had downloaded and saved a large
15  number of the VisualDx images.

16  39.     Upon information and belief, at all relevant times, defendants Esteva and Kuprel
17  were Stanford University Ph.D. candidates, and the image download was undertaken in
18  furtherance of their graduate studies and/or research being conducted under the study and
19  supervision of Associate Professor Jean Y. Tang and/or Sebastian Thrun.

20  40.     At the time of the download, neither Stanford University nor Associate Professor
21  Jean Y. Tang nor Esteva nor Kuprel had a license or other authorization to download or save the
22  VisualDx images.

23  41.     At the time of the unauthorized download, neither Stanford University nor
24  Associate Professor Jean Y. Tang nor Esteva nor Kuprel had a license to use VisualDx images for
25  commercial purposes.

26  42.     Upon information and belief, in 2015, Defendants used VisualDx's images to train
27  algorithms in connection with a convolutional neural network.

28  43.     Upon information and belief, Defendants used VisualDx's images in connection

5
**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1  with the development of an artificial intelligence application to identify skin cancer.

2  44.  Upon information and belief, defendant Esteva intended to use the VisualDx
3  images for the benefit of the company he founded, SentryAI.

4  45.  Upon information and belief, SentryAI was formed to commercialize a deep
5  learning artificial intelligence application for use in the health care sector in connection with,
6  among other things, the diagnosis of skin cancer.

## FIRST CLAIM FOR RELIEF
### (Computer Fraud and Abuse Act)
### (18 U.S.C. § 1030)

46.  VisualDx hereby incorporates by reference and realleges each of the allegations contained in the preceding paragraphs as if set forth in full in this claim for relief.

47.  VisualDx's relevant computer systems are "protected computers" as defined in 18 U.S.C. § 1030(e)(2)(B), in that these computer systems are used in interstate or foreign commerce or communication.

48.  VisualDx maintains certain proprietary information, images and data on these protected computers within, inter alia, the VisualDx software and database, ownership of which VisualDx retains.

49.  External access and limited use of VisualDx's information, images and data is limited to certain authorized users pursuant to the terms of a VisualDx License.

50.  Defendants Esteva and Kuprel intentionally accessed VisualDx's protected computers without authorization, and/or exceeded authorized access, and obtained, downloaded, saved and used images and information they were not entitled to access, such images and information having significant value.

51.  Defendants' conduct caused damage to VisualDx in violation of 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(4) and/or 1030(a)(5)(C).

52.  Upon information and belief, Defendants' acts in violation of 18 U.S.C. § 1030 were knowing and willful and conducted maliciously, without regard to VisualDx's rights and with intent to defraud.

53. As a direct and proximate result of Defendants' unlawful access, VisualDx has suffered damage and/or loss in excess of $5,000, including, without limitation, time valued in excess of this amount spent investigating and responding to the unlawful access, in addition to outside counsel costs and other costs, damages and economic loss resulting from the unlawful access.

54. As a direct and proximate result of Defendants' conduct, VisualDx is also entitled to recover compensatory damages from Defendants for any and all lost revenue and profits, outside counsel fees incurred in responding to, investigating and addressing Defendants' attack, and all gains, profits, benefits, advantages and unjust enrichment obtained by Defendants as a result of their wrongful acts as alleged herein, in an amount to be determined at trial.

55. Defendants are also liable for punitive damages in an amount to be established at trial.

### SECOND CLAIM FOR RELIEF
**(California Computer Data Access and Fraud Act)**
**(Cal. Penal Code § 502)**

56. VisualDx hereby incorporates by reference and realleges each of the allegations contained in the preceding paragraphs as if set forth in full in this claim for relief.

57. Defendants knowingly accessed and without permission took, copied and made use of data from VisualDx's computers in violation of California Penal Code § 502(c)(2).

58. VisualDx suffered and continues to suffer damage as a result of the violations of California Penal Code § 502 identified above.

59. Defendants willfully violated California Penal Code § 502 in disregard and derogation of VisualDx's rights, and said actions as alleged above were carried out with oppression, fraud and malice.

60. As a direct and proximate result of the aforementioned misconduct, VisualDx has suffered and continues to suffer substantial money damages in an amount to be proven at trial.

61. Pursuant to California Penal Code § 502, VisualDx is entitled to compensatory damages, punitive or treble damages, attorneys' fees, costs and other equitable relief.

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

### THIRD CLAIM FOR RELIEF
(Trespass to Chattels)

62. VisualDx hereby incorporates by reference and realleges each of the allegations contained in the preceding paragraphs as if set forth in full in this claim for relief.

63. VisualDx owned, possessed and had a right to possess a software database of dermatological images and diagnostic write-ups.

64. Through their wrongful activity, Defendants intentionally interfered with VisualDx's use or possession of the software database.

65. VisualDx did not consent, VisualDx was harmed, and Defendants' conduct was a substantial factor in causing VisualDx's harm.

66. VisualDx is entitled to damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
(California Unlawful Business Practices Act)
(Cal. Bus. & Prof. Code § 17200)

67. VisualDx hereby incorporates by reference and realleges each of the allegations contained in the preceding paragraphs as if set forth in full in this claim for relief.

68. Defendants have engaged in a pattern of behavior and/or a course of conduct of unlawful and unfair and/or fraudulent business practices against VisualDx within the meaning of California Business and Professions Code § 17200 *et seq*.

69. Defendants violated the law and unfairly and wrongfully accessed and misappropriated VisualDx's confidential and proprietary information, using the same to develop, advance, and promote SentryAI. This activity constitutes unfair, unlawful and fraudulent business practices against VisualDx within the meaning of California Business and Professions Code § 17200 *et seq*.

70. As a result of Defendants' unlawful and unfair business practices, VisualDx has suffered, and continues to suffer, substantial money damages in an amount to be proven at trial, and is entitled to and hereby requests restitution of all income, profits, and other benefits derived from said unlawful, unfair and/or fraudulent business practice or practices.

///

**PRAYER FOR RELIEF**

Plaintiff prays that this Court grant it the following relief:

1. Judgment in favor of Plaintiff and against Defendants as to all causes of action in Plaintiff's Complaint;

2. An award of compensatory damages and punitive damages;

3. Preliminary and permanent injunctive relief prohibiting Defendants from using or continuing to use VisualDx's images and diagnostic write-ups; from using, selling or offering for sale any software, app, database, neural network, deep-learning tool or other product, algorithm or tool developed, created or trained in whole or in part with the use of any VisualDx images and/or diagnostic write-ups; and from otherwise benefiting from Defendants' unlawful actions alleged herein;

4. An award of such other and further relief as to the Court may deem necessary, just and proper, together with the costs and disbursements of this action and an award of reasonable attorneys' fees.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, VisualDx hereby demands a trial by jury on all issues raised by the Complaint.

DATED: March 2, 2018                HARTER SECREST & EMERY LLP

By: */s/ Michael J. Berchou*
Michael J. Berchou
Attorneys for Plaintiff
LOGICAL IMAGES, INC., dba VISUALDX